NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TRAVIS LAMONT SUTTON,**
*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent*

---

2016-2205

---

Petition for review of the Merit Systems Protection Board in No. DC-300A-14-0641-I-1.

---

Decided: December 8, 2016

---

TRAVIS LAMONT SUTTON, Stafford, VA, pro se.

PETER ANTHONY GWYNNE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., BRIAN A. MIZOGUCHI.

---

Before MOORE, REYNA, and TARANTO, *Circuit Judges*.

PER CURIAM.

Mr. Sutton appeals from the decision of the Merit Systems Protection Board (Board), which dismissed his claims that the Office of Personnel Management (OPM) engaged in improper employment practices and that the Department of Veterans Affairs (VA) violated his veterans' preference rights provided by the Veterans Employment Opportunities Act of 1998 (VEOA). The Board dismissed the claim on grounds that it lacks jurisdiction to review Mr. Sutton's employment practices appeal and that his VEOA arguments are time barred. We agree and therefore *affirm*.

## BACKGROUND

Mr. Sutton applied for a Supervisory Contract Specialist position with the VA. After reviewing his application, OPM determined that the transcripts Mr. Sutton submitted were insufficient to verify that he met the position's education requirement. Accordingly, OPM deemed Mr. Sutton ineligible for the position and did not consider his application further. J.A. 18−19.

Mr. Sutton appealed to the Board claiming that the VA violated the VEOA and that OPM engaged in an improper employment practice in violation of 5 C.F.R. part 300. The administrative judge docketed these claims as two separate appeals. J.A. 5, 19.

In August 2015, the Board issued a final decision denying Mr. Sutton's VEOA appeal, finding that Mr. Sutton did not establish that he was denied the right to compete for the position or that the agency violated any legal provision regarding his veterans' preference rights.[1] Mr. Sutton did not appeal the Board's determination.

---

[1]    The final decision provided notice that any appeal must be made within sixty days. *See Sutton v. Dep't. of*

In December 2015, the Administrative Judge issued an initial decision dismissing the employment practices claim for lack of jurisdiction. The initial decision explained that petitioner's allegations amounted to a claim of procedural error, not improper employment practices. J.A. 5−10.

In April 2016, the Board issued a final decision affirming the initial dismissal for lack of jurisdiction. The final decision also explained that, to the extent Mr. Sutton was attempting to challenge the Board's denial of his VEOA appeal, those claims were barred by res judicata and collateral estoppel. J.A. 22−24. Mr. Sutton appeals, arguing that the VA violated his veterans' preference rights under the VEOA and that the Board has jurisdiction over his employment practices claim.

## DISCUSSION

We have jurisdiction to review a final Board decision pursuant to 28 U.S.C. § 1295(a)(9). The scope of the Board's jurisdiction is a question of law, which we review *de novo*. *Johnston v. Merit Sys. Prot. Bd.,* 518 F.3d 905, 909 (Fed. Cir. 2008).

An agency's failure to select an applicant for a vacant position is generally not appealable to the Board. *See Prewitt v. Merit Sys. Prot. Bd.*, 133 F.3d 885, 886 (Fed. Cir. 1998). However, an applicant who believes that OPM applied an improper employment practice is entitled to appeal to the Board. 5 C.F.R. § 300.104(a).

To satisfy his burden of establishing the Board's jurisdiction over his employment practices claim, Mr. Sutton must, among other things, establish that the actions he challenges are employment practices. *Prewitt*, 133

---

*Veterans Affairs*, MSPB No. DC-3443-14-0467-I-1, Final Order (Aug. 5, 2014).

F.3d at 887. Employment practice is defined by regulation as any practice that affects "the recruitment, measurement, ranking, and selection of individuals for initial appointment and competitive promotion in the competitive service." 5 C.F.R. § 300.101. The term "employment practice" is to be construed broadly, but it does not encompass an individual agency action that is not made pursuant to a rule or practice, such as an irregularity in the selection process.[2]

As the Board recognized, Mr. Sutton does not challenge any OPM employment practice. He does not contend that the educational qualification requirements at issue are inappropriate. Nor does he argue that OPM should not have applied those qualification requirements to him. Instead, he challenges OPM's individual determination that his transcript is insufficient to establish that he meets the education requirement. At most, this amounts to an irregularity in the selection process.

Because Mr. Sutton does not challenge an employment practice, the Board correctly found that it lacks jurisdiction over his appeal. To the extent that Mr. Sutton argues in this appeal that the Board erred in denying his VEOA appeal, those arguments are barred because they were already subject to a final decision of the Board, which was not timely appealed. 5 U.S.C. § 7703(b)(1)(A). For these reasons, we *affirm*.

## AFFIRMED

---

[2]    *See Prewitt*, 133 F.3d at 887-88 (contrasting allegations that an agency failed to consider all relevant education and experience during the selection process, which does not amount to a challenge to employment practices, with a challenge to an agency's use of time-in-grade restrictions, which is a challenge to employment practices).